# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

MARLON PITTS,

    FMC Lexington
    Federal Medical Center
    P.O. Box 14500
    Lexington, KY 40512

                        Plaintiff,

        v.

                        Civil Action No. _____

UNITED STATES OF AMERICA,

    Serve:

    Pamela Bondi, Attorney General
    U.S. Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, DC 20530-0001

    U.S. Attorney's Office, District of
    Maryland
    Civil Process Clerk
    36 S. Charles Street, 4th Floor
    Baltimore, MD 21201

    Federal Tort Claims Act Section
    Tort Branch, Civil Division
    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530-0001

                        Defendant.

## COMPLAINT

Plaintiff alleges the following:

## INTRODUCTION

1. Marlon Pitts was arrested by the U.S. Marshals Service in August 2022. At the time of his arrested, Mr. Pitts was so weak and sick with COVID-19 that he needed to be hospitalized.

2. Two days later, the U.S. Marshals Service later transported Mr. Pitts from the hospital to his detention facility. Upon arriving, two U.S. Marshals began to remove Mr. Pitts from the transport van. Mr. Pitts, whose hands and feet were shackled, told the Marshals that he felt weak.

3. Rather than assist him, the Marshals dropped him from the van. As Mr. Pitts lay injured and in pain on the ground, the Marshals did not help him up. When Mr. Pitts asked to go to the hospital, the Marshals refused to take him. And when they dropped off Mr. Pitts, the Marshals told detention-center staff that he was faking his injuries.

4. But Mr. Pitt was not faking his multiple injuries, which have been severe and chronic. As detailed below, Mr. Pitts suffered severe injuries to his knee, thumb, and lower back. They have resulted in chronic pain, unstable joints, and damage to his nerves. The injuries and pain also caused him emotional distress. And they have made his incarceration in federal prison even more burdensome and even more dangerous.

5.  To redress the severe, lasting injuries caused by the U.S. Marshals Service, Mr. Pitts now brings this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

## JURISDICTION AND VENUE

6. Under 28 U.S.C. § 2201(a), an actual, present, and justiciable controversy exists between the parties.

7.   This FTCA action involves claims arising under United States and Maryland law. The Court has subject-matter jurisdiction over this FTCA action under 28 U.S.C. § 1331.

8.   Venue is proper in this district under 28 U.S.C. § 1391, and in the Baltimore division of this district, because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

9.   Plaintiff is Marlon Pitts. At the time of the conduct underlying this action, Mr. Pitts resided in Maryland. He is currently detained by the Bureau of Prisons at the Federal Medical Center in Lexington, KY.

10.   Defendant United States of America is a sovereign country subject to liability and damages caused by the negligent or wrongful acts or omissions of its employees. The United States Marshals Service (USMS or Service) is an agency whose responsibilities include "exercising custody of federal prisoners and providing for their security and transportation to correctional facilities." *Mission*, U.S. Marshals Service, https://tinyurl.com/328nwpcj.

11.   When performing the alleged acts and omissions, Defendant had complete custody and total control of Mr. Pitts.

12.   When performing the alleged acts and omissions, Defendant acted under color of federal law.

## FACTS

13.   On August 11, 2022, Mr. Pitts was arrested by the U.S. Marshals Service on federal criminal charges.

14.   At the time of his arrest, Mr. Pitts was suffering from COVID-19 and needed to be hospitalized. As a result, he was not arraigned until the next day, August 12.

15.  At his arraignment, in the Baltimore division of the U.S. District Court for the District of Maryland, a U.S. Magistrate Judge ordered that Mr. Pitts be detained.

16.  On August 13, 2022, the U.S. Marshals Service transported Mr. Pitts from the hospital to the Chesapeake Detention Facility in Baltimore. Before transporting Mr. Pitts, U.S. Marshals shackled both his hands and feet.

17.  After the transport van arrived at the detention facility, two U.S. Marshals began to remove Mr. Pitts from the van. Mr. Pitts told them that he felt very weak and needed their help. Rather than help him, the Marshals let go.

18.  Mr. Pitts fell forward, tried to lift up his hand to keep from hitting his face on the ground; when he hit the ground, he felt both his knee and thumb pop.

19.  Mr. Pitts told the U.S. Marshals that he was injured and felt severe pain in his lower back, legs, and hand. But after dropping Mr. Pitts on the ground, the U.S. Marshals refused to help him up.

20. Given his injuries and accompanying pain, Mr. Pitts asked to be taken the hospital. The U.S. Marshals refused.

21.  The U.S. Marshals took additional steps to prevent Mr. Pitts from getting treatment for the injuries that they caused. Despite knowing that they had dropped and injured Mr. Pitts, the U.S. Marshals falsely told detention center staff that Mr. Pitts was faking his injuries.

22. As these events and circumstances reflect, U.S. Marshals acted intentionally and/or recklessly. In the alternative, they acted negligently.

23. Due to Defendant's conduct, Mr. Pitts's left knee and right thumb were dislocated and his lower back was injured. Since then, he has suffered ongoing pain, unstable joints, and damage

to the nerves in his thumb, hand, and knee. The injuries, and accompanying severe pain, persist to this day. And they have produced ongoing, severe emotional distress.

24. The resulting injuries and disabilities also have made Mr. Pitts a target for bullying, including violent assaults, by other prisoners. And they have exacerbated the burdens of incarceration, turning even routine activities like showering into painful ordeals.

## EXHAUSTION

25. On August 12, 2024, Mr. Pitts's father, Leonard Pitts, submitted, by email to the U.S. Marshals Service, a Claim for Damage, Injury, or Death.

26. On August 16, 2024, the USMS Office of General Counsel mailed to Leonard Pitts a letter acknowledging receipt of the claim, which was assigned the number Administrative Tort Claim OGC #55213. The Service requested certain additional information within 30 days.

27. On September 15, 2024, undersigned counsel responded to the Service, and provided the requested information, on Mr. Pitts's behalf.

28. On August 20, 2025, the USMS Office of General Counsel mailed, to undersigned counsel, a letter denying the claim.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Battery (FTCA; Maryland Common Law)

29. Mr. Pitts repeats and incorporates by reference the allegations in paragraphs 1 to 28.

30. By intentionally dropping the shackled Mr. Pitts from the transport van onto the ground, the U.S. Marshals committed battery against him. Under Maryland law, a "battery occurs when one intends a harmful or offensive contact with another without that person's consent." *Nelson v. Carroll*, 735 A.2d 1096, 1099 (Md. 1999).

31. The United States is named as a defendant for the acts of its individual employees under the Federal Tort Claims Act.

32. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their federal employment as federal employees. Their positions as U.S. Marshals were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

33. By these acts, they caused Mr. Pitts to suffer severe physical injuries, physical pain, and emotional distress.

## SECOND CLAIM FOR RELIEF
### Intentional infliction of emotional distress (FTCA; Maryland Common Law)

34. Mr. Pitts repeats and incorporates by reference the allegations in paragraphs 1 to 28.

35. By intentionally dropping the shackled Mr. Pitts from the transport van onto the ground, refusing to help him, refusing to take him to the hospital, and falsely telling detention-center staff that he was faking his serious injuries, the U.S. Marshals committed the tort of intentional infliction of emotional distress.

36. Under Maryland law, intentional infliction of emotional occurs when (a) the conduct is "intentional or reckless," (b) the conduct is "extreme and outrageous," (c) there is "a causal connection between the wrongful conduct and the emotional distress," and (d) the emotional distress is "severe." *Figueiredo-Torres v. Nickel*, 584 A.2d 69, 74 (Md. 1991).

37. The United States is named as a defendant for the acts of its individual employees under the Federal Tort Claims Act. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their federal employment.

38. Their position as U.S. Marshals were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

39. The conduct has caused Mr. Pitts to suffer severe emotional distress, from both his injuries and resulting pain, as well as from the increased danger and burdens of serving his prison sentence while physically injured and disabled.

### THIRD CLAIM FOR RELIEF
### Negligence (FTCA; Maryland Common Law)

40. Mr. Pitts repeats and incorporates by reference the allegations in paragraphs 1 to 28.

41. To the extent that they did not act intentionally and/or recklessly, then the U.S. Marshals failed to take proper precautions when performing what should have been a routine task: Safely transporting shackled federal prisoners from one location to another.

42. Under Maryland law, the tort of negligence exists when there is (a) a duty owed to the plaintiff, (b) a breach of that duty, (c) a cognizable causal relationship between the breach of duty and the harm suffered, and (d) damages. *Bobo v. State*, 697 A.2d 1371, 1375 (Md. Ct. App. 1997).

### PRAYER FOR RELIEF

Plaintiff seeks (1) an award of damages, in an amount to be determined at trial, and (2) for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Gregory M. Lipper
Gregory M. Lipper (Bar No. 16959)
LIPPER LAW PLLC
1750 H Street NW, Suite 360
Washington DC 20006
(202) 996-0919
(202) 773-0651 (fax)
glipper@lipperlaw.com

*Counsel for Plaintiff*